UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SIGN, PICTORIAL AND DISPLAY INDUSTRY WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PS SERVICES CO., LLC,<br><br>Defendant. | Case No. 17-cv-02452-LB<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: ECF No. 20 |

## INTRODUCTION

Nicholas Gregoratos moves to withdraw as counsel for the defendant PS Services Co. LLC.[1] Peter Steele, the managing member of PS Services, agreed to Mr. Gregoratos's request to withdraw.[2] The plaintiffs do not oppose Mr. Gregoratos's motion.[3]

The court can decide the matter without oral argument and vacates the April 29, 2018 hearing. Civil L.R. 7-1(b). The court grants the unopposed motion and — for the reasons discussed below

---

[1] Motion to Withdraw – ECF No. 20. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 4.

[3] Notice of Non-Opp. to Motion to Withdraw – ECF No. 22.

ORDER – No. 17-cv-02452-LB

— directs Mr. Gregoratos to accept service on behalf of PS Services until substitute counsel appears.

**GOVERNING LAW**

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Until the client obtains other representation, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the court and from the opposing parties. Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *see also Dieter v. Regents of Univ. of Cal.*, 963 F. Supp. 908, 910 (E.D. Cal. 1997). Rule 3-700(C) provides that an attorney may withdraw if the client "knowingly and freely assents to termination of the employment." Cal. R. Prof'l Conduct 3-700 (C)(5).

In compliance with California Rule of Professional Conduct 3-700(A)(2), counsel may not "withdraw from employment until [counsel] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." These steps include: (1) giving due notice to the client; (2) allowing time for employment of other counsel, pursuant to Rule 3-700(D); and (3) complying with applicable laws and rules. Cal. R. Prof'l Conduct 3-700(A)(2); *El Hage v. U.S. Sec. Assocs., Inc.*, No. 06-CV-7828-TEH, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

## ANALYSIS

**1. Good Cause**

The parties settled their case in a written settlement agreement and stipulated to entry of judgment against PS Services in the form of a Judgment by Consent.[4] Mr. Gregoratos advised Mr. Steele, the managing partner of PS Services, during this process. More specifically, they had an oral agreement that Mr. Gregoratos would review and advise Mr. Steele, at no charge, regarding the Judgment by Consent, Settlement Agreement, and Stipulation for Entry of Judgment filed on August 17, 2017.[5] As part of that advisement, Mr. Gregoratos told Mr. Steele that if he failed to make the payments required by the Stipulation, the plaintiffs were entitled to collect the entire judgment.[6] He also told Mr. Steele that he did not handle civil and business matters, and if the case needed to be litigated in any fashion, Mr. Gregoratos would not be able to represent him.[7] It was with that understanding that Mr. Gregoratos agreed to assist Mr. Steele at no cost in negotiating and reviewing the Settlement Agreement.[8]

In February, the plaintiff moved for a writ of execution because PS Services did not make its payments.[9] The court issued the writ of execution.[10] On March 13, 2018, the plaintiffs served Mr. Steele and PS Services with a notice of deposition for Mr. Steele and a request for production of documents.[11] On March 15, 2018, Messieurs Gregoratos and Steele agreed that Mr. Steele would need to find new counsel and that Mr. Gregoratos could not represent him in the deposition or otherwise in the case.[12] Mr. Gregoratos advised Mr. Steele that he needed to find new counsel and

---

[4] Settlement Agreement and Stipulation for Entry of Judgment – ECF No. 13; Judgment by Consent – ECF No. 17.

[5] Motion to Withdraw – ECF No. 20 at 2 (¶ 2).

[6] *Id.* at 2 (¶ 3).

[7] *Id.*

[8] *Id.*

[9] Motion for Writ of Execution – ECF No. 18; Nord Decl. – ECF No. 18-1.

[10] Writ – ECF No. 19.

[11] Motion to Withdraw – ECF No. 20 at 2 (¶ 5).

[12] *Id.* at 2 (¶ 6).

ORDER – No. 17-cv-02452-LB 3

gave him two referrals.[13] PS Services has not retained new counsel, and Mr. Steele "wishes to proceed pro se, as a self-represented litigant."[14] Mr. Steele agrees with Mr. Gregoratos's request to withdraw and "is in the process of looking for new representation at this time."[15]

The court finds good cause for withdrawal.

### 2. Timing and Prejudice of Withdrawal

These circumstances show that Mr. Gregoratos has taken adequate measures to prevent reasonably foreseeable harm to Mr. Steele and PS Services, and withdrawal will not prejudice them.

### 3. Service and Substitution of Counsel

The remaining issue is whether Mr. Steele can accept service of process for PS Services until new counsel appears.

A business entity cannot appear in federal court except through counsel. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004). Under certain circumstances counsel may withdraw "without offending the rule against corporate self-representation." *Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. C 04-1249-VRW, 2008 WL 2790200, at *5 (N.D. Cal. July 17, 2008).

Mr. Gregoratos and Mr. Steele contemplate that Mr. Steele can appear on behalf of the corporation, but he cannot: a corporation cannot appear pro se and can appear only through counsel. The issue then is whether Mr. Steele can accept service until the company finds new

---

[13] *Id.*

[14] *Id.* at 3 (¶ 7).

[15] Steele Decl. – ECF No. 20 at 4 (¶¶ 4–5.) Mr. Steele's name sometimes is spelled Steel and other times Steele. *See, e.g., id.* Because he signed the settlement agreement as Pete Steele, ECF No. 13 at 6, the court uses that spelling.

ORDER – No. 17-cv-02452-LB 4

counsel. He is willing to do so.[16] He is not a named party (although he did sign the settlement agreement on behalf of PS Services as its manager).[17]

The court identified one case where the court allowed withdrawal of counsel's representation of a corporation and noted that the corporation "will continue to have notice of any new filings because its principal is a pro se party in the same action." *Vedatech*, 2008 WL 2790200, at *5. But Mr. Steele is not a party. Under the circumstances, the court thinks it best that Mr. Gregoratos continue to accept service on PS Services's behalf until PS Services files a substitution of counsel. *See* Civil L.R. 11-5(b) ("When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel . . ., leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel[.]"). Mr. Gregoratos must serve a copy of this order (and future filings) on Mr. Steele and file proof of service with the court. He may do so by email or mail or by any other agreed-to means of service, which can be reflected in the proof of service.

## CONCLUSION

The court grants the motion to withdraw. Mr. Gregoratos must accept service and file proof of service in the manner that this order directs.

**IT IS SO ORDERED.**

Dated: April 2, 2018

LAUREL BEELER
United States Magistrate Judge

---

[16] Steele Decl. – ECF No. 20 at 4 (¶ 6).

[17] Settlement Agreement – ECF No. 13 at 6.