UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SIGN, PICTORIAL AND DISPLAY INDUSTRY WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PS SERVICES CO., LLC,<br><br>Defendant. | Case No. 17-cv-02452-LB<br><br>**ORDER GRANTING UNOPPOSED MOTION TO COMPEL; ORDER TO SHOW CAUSE**<br><br>Re: ECF Nos. 35 and 36 |

## INTRODUCTION

The plaintiffs are the plan administrators of employee-benefits plans established under the Employee Retirement Income Security Act ("ERISA").[1] They sued the defendant PS Services because it failed to make its required fringe-benefit payments from June 2016 to March 2017 in violation of a collective bargaining agreement and certain trust agreements.[2] The parties settled the case, and the court entered a judgment by consent for $139,438.08 (plus interest) on August 18,

---

[1] Compl. – ECF No. 1 at 1 (¶ 1) and 2 (¶ 4). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 1 (¶ 1).

2017.[3] Now, the plaintiffs move to compel documents that the defendant never produced, and they move for an order for the defendant to show cause why it is not in contempt of court for that failure to produce.[4] The defendant did not oppose the motions. The court can decide the motions without oral argument under N. D. Cal Civ. L. 7-2(b) and grants the motions.

## STATEMENT

The following additional facts are relevant to the motions.

Pete Steele signed the settlement agreement as Manager of PS Services.[5] Then, the court issued a writ of execution to enforce the judgment (in an amount of $135,492.07 plus daily interest of $37.12).[6] Thereafter, the plaintiffs moved on July 5, 2018 for a judgment-debtor exam, the court ordered it on July 6, 2018, and it took place on August 27, 2018 and October 1, 2018.[7] Mr. Steele appeared on both days.[8] The July 6 order required PS Services to produce the following:

> 1. All statements of each bank account of PS Services, LLC, from August 1, 2015 to present;
>
> 2. Current driver's license of person who appears on behalf of PS Services, LLC;
>
> 3. All statements received from any mutual fund from August 1, 2014 to present for which PS Services, LLC has an interest;
>
> 4. All statements received from any mortgage company or bank from August 1, 2015 to present for any real property for which PS Services, LLC has an ownership interest;
>
> 5. Each and every contract that was executed on or after August 1, 2015 to present by PS Services, LLC;
>
> 6. Any and all documents related to any claim against Ring Central, including any lawsuit filed; and

---

[3] Settlement Agreement and Stipulation for Entry of Judgment – ECF No. 13; Judgment by Consent – ECF No. 17.

[4] Mot. to Compel – ECF No. 35; Mot. for Order to Show Cause – ECF No. 36.

[5] Settlement Agreement and Stipulation for Entry of Judgment – ECF No. 13 at 5.

[6] Writ – ECF No. 19.

[7] Mot. – ECF No. 26; Order – ECF No. 27; Minute Entries – ECF Nos. 29, 31.

[8] Minute Entries – ECF Nos. 29, 31.

ORDER – No. 17-cv-02452-LB    2

7. Any and all documents filed with the Secretary of State regarding the business [of] PS Services, LLC, including but not limited to: Articles of Incorporation, Operating Agreement.[9]

The July 6, 2018 order required the production of the documents by August 27, 2018, the date of the judgment-debtor exam.[10] Mr. Steele appeared at the exam on August 27 but he said that he was "unable to competently testify."[11] The plaintiffs rescheduled the examination to October 1, 2018.[12] Mr. Steele appeared and agreed to produce the following documents by October 15, 2018:

1. List of all clients and contact information for work performed and to be performed by defendant in 2018;

2. Any and all Chase Bank Account numbers and statements for 2018 for Defendant;

3. Invoices for PetSmart charges as discussed during the Examination;

4. Documentation for return of bail bond payment of $200 as discussed during the Examination.[13]

Mr. Steele did not produce the documents.[14] On October 16, 2018, the plaintiffs sent a meet-and-confer letter listing the documents that Mr. Steele agreed to produce and extending the deadline for production to October 23, 2018.[15] In the letter, they warned that if they did not receive the documents by October 23, they would file a "Motion for Contempt and/or Motion to Compel."[16] Mr. Steele responded by email on October 16.[17] He apologized for the delay and said that he "put in for the bank statements" and also said that it would be two to three weeks before he received them and that he would "look into that other information in the next couple days" and get back to the plaintiffs.[18] The plaintiffs responded by email the following day, extending the

---

[9] Order – ECF No. 27 at 3.

[10] *Id.* at 2.

[11] Sorenson Decl. – ECF No. 36-2 at 2 (¶ 5).

[12] *Id.*

[13] *Id.* at 9.

[14] *Id.* at 2 (¶ 6).

[15] *Id.* at 11–12.

[16] *Id.* at 12.

[17] *Id.* at 18.

[18] *Id.*

production deadline to November 1, 2018.[19] The plaintiffs did not receive any documents by that date.[20] As of November 15, 2018, Mr. Steele has produced only bank statements from September 2016 through July 2017 and his driver's license.[21]

## ANALYSIS

### 1. Motion to Compel

The documents here are discoverable. "Generally, the scope of post-judgment discovery is broad." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JW (RS), 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009). "'[T]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *Id.* (some internal quotation marks omitted) (quoting *1st Tech., LLC v. Rational Enters. LTDA,* No. 2:06-cv-0110-GWF, 2007 WL 5596692, at *4 (D. Nev. Nov. 13, 2007)). "'A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets. . ..'" *Id.* (internal brackets omitted) (quoting *British Int'l Ins. Co. Ltd. v. Seguors La Republica*, No. 90Civ.2370 (JFK)(FM), 2000 WL 713057, at *5 (S.D.N.Y. June 2, 2000)).

The relevant and disclosable documents are in the plaintiff's proposed order at ECF No. 3-1 and synopsized above. The court orders the defendant to produce the additional documents by January 17, 2019 (as set forth at the end of this order).

### 2. Motion for Order to Show Cause

The court warns the defendant that if it fails "to obey a discovery order[,] the court can "treat the failure as contempt of court." Fed. Civ. P. 37(b)(2)(A)(vii); *Lenz v. Universal Music Corp.*, No. C07-03783 JF (HRL), 2012 WL 699467 *1 (N.D. Cal. Mar. 1, 2012) (citing Fed. R. Civ. P.

---

[19] *Id.*

[20] *Id.* at 3 (¶ 11).

[21] *Id.* at 2 (¶ 7).

37(b)(2)(A)(vii). The defendant did not produce the documents on the deadlines that the court ordered previously.[22] The court now orders production by no later than January 17, 2019.

The court directs the parties to file an update by January 24, 2019 about the status of the dispute. On that date, the defendant must also file a written submission why the court should not sanction him (in the form of the plaintiffs' reasonable fees and costs in connection with their motion). The court sets a hearing on the order to show cause for January 31, 2018 at 9:30 a.m.

## CONCLUSION

The court grants the plaintiffs' motion, orders the written updates (discussed above) by January 24, 2019, and sets a hearing on the order to show cause on January 31, 2019 in Courtroom B, 450 Golden Gate Avenue, 15th floor, San Francisco, California 94102. In addition, by January 17, 2019, Mr. Steele must produce the following documents:

(1) Statements of each bank account of Defendant from August 2015 – August 2016 and August 2017 – September 2018;

(2) All statements received from any mutual fund from August 1, 2015 to present for which Defendant has an interest;

(3) All statements received from any mortgage company or bank from August 1, 2015 to present for any real property for which Defendant has an ownership interest;

(4) Each and every contract that was executed on or after August 1, 2015 to present by Defendant;

(5) Any and all documents related to any claim against Ring Central, including any lawsuit filed;

(6) Any and all documents filed with the Secretary of State regarding the business of Defendant;

(7) A list of all clients and contact information for work performed and to be performed by Defendant in 2018;

(8) Any and all Chase Bank Account numbers and statements for 2019 for Defendant;

(9) Invoices for PetSmart charges as discussed during the Examination; and

---

[22] Order – ECF No. 27 at 1.

ORDER – No. 17-cv-02452-LB 5

(10) Documentation for return of bail bond payment of $200 as discussed during the Examination.

The court will serve this order on Mr. Steele care of the party and address of record reflected on the docket sheet. The court asks the plaintiffs to serve a copy too by their customary means of communication with Mr. Steele and to file a proof of service.

This disposes of ECF Nos. 35 and 36.

**IT IS SO ORDERED.**

Dated: December 21, 2018

_____
LAUREL BEELER
United States Magistrate Judge